UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP PARKER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ETHOSENERGY POWER PLANT SERVICES LLC, JOHN WOOD GROUP PLC, DAVE BLEVINS, an individual, and DOES 1-20, inclusive,<br><br>　　　　Defendants. | No. 2:16-cv-0238 WBS DB<br><br>ORDER |

On May 18, 2017, the parties submitted a proposed stipulated protective order regarding the use of confidential information for the court's consideration. (ECF No. 28.) Local Rule 141.1(c), provides that a proposed protective order must include:

> (1) A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);
>
> (2) A showing of particularized need for protection as to each category of information proposed to be covered by the order; and
>
> (3) A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

////

Here, the parties' proposed stipulated protective order fails to address the requirements of Local Rule 141.1(c). Moreover, although the parties' proposed stipulated protective order addresses the filing of documents under seal with respect to the "law," and the "applicable rules of court," the proposed stipulated protective order addresses neither the law nor the court's Local Rules. In this regard, the parties are advised that, all documents filed with the court are presumptively public. See San Jose Mercury News, Inc. v. U.S. Dist. Court, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public.").

Therefore, documents that are the subject of a protective order may be filed under seal only if a sealing order is first obtained. See Local Rule 141.1. A party seeking to obtain a sealing order shall comply with the provisions of Local Rule 141, which sets forth a specific procedure for seeking a sealing order. After compliance with Local Rule 141, the court will issue an order granting or denying the request to seal.

Accordingly, IT IS ORDERED that the parties' May 18, 2017 request for entry of the proposed stipulated protective order (ECF No. 28) is denied without prejudice to renewal.

Dated: May 25, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\parker0238.stip.prot.den