UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| PHILLIP PARKER,<br><br>           Plaintiff,<br><br>   v.<br><br>ETHOSENERGY POWER PLANT SERVICES, LLC., et al.,<br><br>           Defendants. | Civ. No. 2:16-00238-WBS-AC<br><br><br>ORDER RE: MOTION FOR ATTORNEY'S FEES |

----oo0oo----

Defendant John Wood Group, PLC ("John Wood") asks the court to exercise its discretion under 28 U.S.C. § 1927, Local Rule 293, California Labor Code 12965(b), and Federal Rule of Civil Procedure 37(c)(2) to award attorney's fees following this court's order to grant John Wood's Motion for summary judgment. (Docket No. 49).

I.    Factual and Procedural Background

1

Plaintiff Phillip Parker ("Parker") sued EthosEnergy Power Plant Service, LLC ("EthosEnergy"), his former employer, alleging wrongful discharge in violation of public policy, harassment, discrimination, and retaliation under the Fair Employment and Housing Act ("FEHA"). Plaintiff also named John Wood as a defendant. Summary judgment was granted in favor of both defendants on October 4, 2017, and the case was dismissed with prejudice. (Docket No. 49.)

II. Discussion

Federal courts have the inherent power to impose sanctions. Zapata v. Flintco, Inc., Civ. No. 2:09-3555, 2012 WL 260027, at *5 (E.D. Cal. Jan. 25, 2012) citing Chambers v. NASCO, Inc., 501 U.S. 32, 43-46 (1991). 28 U.S.C. § 1927 provides that any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." A sanction of fees is also appropriate where counsel acted in bad faith. United States v. Blodgett, 709 F.2d 608, 610 (9th Cir. 1983). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument." Stiglich v. Contra Costa Cty. Bd. of Sup'rs, 106 F.3d 409 (9th Cir. 1997). Conduct is reckless and frivolous where a reasonable and competent inquiry into the law and facts would have revealed that a claim was not well-founded. Great Dynasty Int'l Fin. Holdings Ltd. v. Haiting Li, No. C-13-1734 EMC, 2014 WL 3381416, at *7 (N.D. Cal. July 10, 2014). Further, in response to a FEHA claim, a prevailing defendant may recover attorney's fees when "the plaintiff's action was

frivolous, unreasonable, without foundation, or brought in bad faith." Chavez v. City of Los Angeles, 47 Cal. 4th 970, 985 (2010); Rezaipour v. County of Los Angeles, Civ. No. 12-5005 MWF, 2014 WL 12687111, at *2 (C.D. Cal. Aug. 26, 2014).

Here, plaintiff named John Wood as a defendant without presenting any evidence to support his decision to do so. In fact, while plaintiff admitted that EthosEnregy was his employer, not once did he point to any evidence indicating that John Wood was his employer as well. Plaintiff conceded that he had no knowledge regarding the corporate structure of John Wood, and admittedly never researched the corporate structure or ownership of EthosEnergy, despite the fact that this information is a matter of public record. (Decl. of Heather Crow in Supp. of Def.'s Mot. for Atty's Fees ("Crow Decl.") ¶ 13, Ex. 6 (Parker Dep. at 39-40).) As this court has previously recognized, plaintiff offered absolutely no evidence to support the inclusion of John Wood in this lawsuit. (Docket No. 49 at 23.)

Additionally, John Wood's counsel conferred with plaintiff's counsel on numerous occasions and explained that John Wood was a separate entity from EthosEnergy and that John Wood had not been plaintiff's employer at any point. (Crow Decl. ¶ 4.) Specifically, on July 12, 2016, John Wood's counsel notified plaintiff's counsel that John Wood was a separate entity and thus an improperly named party. (Id. at ¶ 5.) On July 13, John Wood emailed plaintiff's counsel to again explain these facts, and even included the public filings of each company to demonstrate that they were in fact separate entities. (Id. at ¶ 6, Ex. 1.) Days later, on July 18, 2016, John Wood reached out to

3

plaintiff's counsel yet again, this time regarding voluntary non-suit of John Wood. (Id. at ¶ 7, Ex. 2.) On July 27, John Wood explicitly asked plaintiff's counsel to voluntarily dismiss John Wood to avoid the expense of filing a motion to dismiss. (Id. at ¶ 8, Ex. 3.) A month later, counsel for John Wood again contacted plaintiff's counsel to explain that John Wood never employed plaintiff and to reiterate its request of nonsuit and the avoidance of incurring additional expenses. (Id. at ¶ 10, Ex. 4.) Despite all of John Wood's attempts, plaintiff continually refused to dismiss this defendant.

The court finds that plaintiff's naming of John Wood as a defendant, despite the fact that John Wood was clearly not plaintiff's employer, was unreasonable and without foundation, and yet plaintiff "continued to litigate after it clearly became so." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421-22 (1978). Although plaintiff argues that he did not act in bad faith in bringing this lawsuit, the court need not address whether plaintiff acted in bad faith because that is not the test. Rather, a court may grant attorney's fees to a prevailing defendant if it finds that the plaintiff's action was frivolous, unreasonable, or without foundation, even if it was not brought in subjective bad faith. Id. at 421. Accordingly, the court finds that defendant is entitled to the $17,612.01 it expended on attorney's fees and costs during the defense of this lawsuit, plus the additional fees incurred in the preparation of this motion.[1]

---

[1] Defense counsel represented both John Wood and EthosEnergy. However, the court has reviewed the attorney's fees

4

IT IS THEREFORE ORDERED that defendant's Motion for
Attorney's Fees (Docket No. 55) be, and the same hereby is,
GRANTED.  Plaintiff is ordered to pay defendant $17,612.01, plus
the additional fees incurred in the preparation of this motion.

Dated:   January 10, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

and expenses (Crow Decl. ¶ 18, Ex. 8) and is satisfied that the services for which the fees have been charged relate only to the defense of John Wood and were not for the benefit of co-defendant EthosEnergy.  Additionally, plaintiff has not argued that the fees have not been sufficiently separated between the defendants.